# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION** |
| **v.** : | |
| : | **NO. 17-4926** |
| **HOLLY C. LOWREY, et al.,** : | |
| : | |
| **Defendants.** : | |

## ORDER

**AND NOW**, this __6th__ day of March, 2018, upon consideration of Plaintiff United States of America's Motion for Default Judgment (Doc. 4), **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.[1]

**IT IS FURTHER ORDERED** as follows:

1. Plaintiff may submit a new motion for default judgment **within thirty (30) days** of the date of this Order;

2. If Plaintiff chooses to submit a new motion for default judgment, the motion shall include:

    a. Evidence that each "Notice of Intention to Foreclose" that Plaintiff alleges was served by certified mail on Defendants was, in fact, served on Defendants;

    b. A payment history that allows the Court to identify the principal and interest balance of the Defendants' loan; and

    c. Evidence to support, and an explanation of, each fee and charge requested by Plaintiff.

1

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] In the present Motion, Plaintiff United States of America requests that the Court grant default judgment in its favor. For the reasons set forth below, Plaintiff's Motion is DENIED WITHOUT PREJUDICE.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 2006, the United States Department of Agriculture loaned $174,000 to Defendants Holly C. Lowrey and Kenneth S. Lowrey, Sr. for the purchase of a home located at 305 W. 4th Street, East Greenville, Pennsylvania 18041. Compl. 4–5, Doc. 1; *see also* Compl. Ex. A, at 9, Doc. 1; Compl. Ex. B, at 12, Doc. 1.

On November 2, 2017, Plaintiff filed its Complaint seeking to foreclose on Defendants' loan. In the Complaint, Plaintiff alleges that Defendants failed to make their scheduled payments on the loan and, therefore, Defendants are in default. Compl. ¶¶ 3–5, Doc. 1.

On January 15, 2018, Plaintiff filed a Request for Entry of Default because Defendants had not answered or responded to the Complaint. Pl.'s Req. Entry of Default, Doc. 3. Plaintiff contemporaneously filed the present Motion for Default Judgment. Pl.'s Mot. Default J., Doc. 4.

On January 16, 2018, the Clerk of Court entered default against Defendants.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 "sets forth a two-part process for obtaining a default and then a default judgment." *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 458 (3d Cir. 2011). First, "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Next, if the claim is not for a sum certain, the party must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Although entry of a default judgment is within the court's discretion, the preference is for cases to be decided on their merits. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). In reviewing a motion for default judgment the court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

If, after consideration of these three factors, the court concludes that entry of judgment of default is appropriate, the court must then "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *United States v. Brown*, No. 13-4530, 2014 WL 657518 657518, at *1 (E.D. Pa. Feb. 20, 2014) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (emphasis added); *see also United States v. Buskell*, No. 13-6630, 2014 WL 1765386, at *2 (E.D. Pa. May 2, 2014) (providing same). In its inquiry, the court is not required to accept the moving party's legal conclusions or factual allegations relating to the amount of damages. *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). "A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks." *E. Elec. Corp. of New Jersey v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009). The court must independently consider the facts to determine the appropriate amount of damages to award the moving party. If necessary, the court may conduct hearings or make referrals to compute damages. *See Comdyne I, Inc.*, 908 F.2d at 1149 (citing Fed. R. Civ. P. 55(b)(1), 55(b)(2)).

## III. DISCUSSION

The Court denies Plaintiff's Motion for Default Judgment for two reasons. First, Plaintiff's Motion and accompanying documentation are insufficient to permit the Court to engage in the three-factor analysis that applies to motions for default judgment. Second, to the extent that default judgment may be appropriate, Plaintiff's Motion and accompanying documentation are also insufficient to allow the Court to determine Plaintiff's damages with reasonable certainty.

### A. Plaintiff Has Not Provided Sufficient Evidence To Permit The Court To Conduct Its Analysis Of The Three Factors Set Forth Under *Chamberlain*.

Under *Chamberlain*, the Court must consider, among other things, whether the defendant appears to have a litigable defense. The Court cannot address this factor here because, while Plaintiff has alleged it has complied with all applicable laws in seeking foreclosure of Defendants' loan, the documentation submitted with Plaintiff's Motion is lacking. In particular, Plaintiff's documentation lacks sufficient proof that Defendants received adequate notice of foreclosure as required under the Administrative Procedure Act ("APA").

Under the APA, an agency must provide "adequate notice of the opportunity to be heard before making an adjudicative decision . . . ." *Brown*, 2014 WL 657518, at *1 (citing 5 U.S.C. § 554). The requirement of adequate notice has been applied to federal government foreclosure actions. *Id.* at *1–2 (citing *United States v. Gross Realty & Constr. Co.*, 586 F. Supp. 231, 231 (E.D. Pa. 1984)). Thus, courts, when confronted with a federal foreclosure action and a motion for default judgment, should consider whether the defending party received adequate notice of their right to due process under the APA before granting default judgment. *See Buskell*, 2014 WL 1765386, at *3.

Plaintiff contends that it sent each Defendant a Notice of Intention to Foreclose by certified mail. Compl. ¶ 11, Doc. 1; Compl. Ex. D, at 20–29, Doc. 1. Although the Notices, on their face, indicate they were sent by certified mail, Plaintiff has not provided documentation showing Defendants received the Notices. Compl. Ex. D, at 20 – 29, Doc. 1. Without proof of adequate notice, the Court is unable to determine whether Plaintiff has complied with the APA or whether Defendant has a litigable defense based on Plaintiff's noncompliance. *Brown*, 2014 WL 657518, at *1–2 (citing 5 U.S.C. § 554). To cure this deficiency, Plaintiff may provide, among other things, evidence that the Notices of Intention to Foreclose were, in fact, served by certified mail and received by Defendants.

### B.    Plaintiff Has Not Provided Sufficient Evidence For The Court To Determine The Amount Of Damages That Are Appropriate With Reasonable Certainty.

Plaintiff has also failed to provide sufficient documentation that would allow the Court to establish with reasonable certainty that the amount of damages requested is appropriate.

By its Motion, Plaintiff seeks $242,295.00 in damages, plus interest accruing from June 12, 2017 at a daily rate of $24.58. Pl.'s Mot. Default J. 3–4, Doc. 4. Plaintiff provides a crude itemization of the total requested damages as follows:

| | |
|---|---|
| Principal Balance | $155,999.93 |
| Interest at 5.75% (accruing August 10, 2014 to June 12, 2017) | $25,484.71 |
| Interest Recapture | $49,083.42 |
| Late Charges | $128.45 |
| Fees Required with Payoff Funds | $706.22 |
| Fees Currently Assessed | $10,892.27 |

Pl.'s Mot. Default J. 2, Doc. 4. Despite this itemization, however, Plaintiff provides little explanation for how these fees and amounts were calculated, or why these fees and amounts have been assessed. The only explanation provided is contained in an attorney affidavit stating that the attorney had conducted a review of "certain records of the U.S. Department of Agriculture." Pl.'s Mot. Default J. ¶ 4, Doc. 4. This statement, standing alone, does not provide a sufficient basis for the Court to make a determination on damages with reasonable certainty. To cure this deficiency, however, Plaintiff may submit, among other things, a payment history and other documents of Defendants' outstanding balances and fees.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is DENIED WITHOUT PREJUDICE.