IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | NO. 17-4926 |
| : | |
| HOLLY C. LOWREY, et al., : | |
| : | |
| Defendants. : | |

## ORDER

**AND NOW**, this __4th__ day of September, 2018, upon consideration of Plaintiff's Second Motion for Default Judgment ("Motion") (Doc. 8), **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** as follows:

1. Plaintiff may submit a new motion for default judgment **within thirty (30) days** of the date of this Order;

2. If Plaintiff chooses to submit a new motion for default judgment, the motion and accompanying brief in support of the motion shall include, among other things, additional briefing on the issue of whether Plaintiff's service of its Notice of Intention to Foreclose was sufficient to meet any conditions precedent to seeking foreclosure/acceleration and/or judgment.[1]

BY THE COURT:

/s/ Petrese B. Tucker

_____
Hon. Petrese B. Tucker, U.S.D.J.

1

---

[1] On March 6, 2018, the Court denied Plaintiff's first Motion for Default Judgment because Plaintiff's Motion did not include sufficient information for the Court to engage in the required *Chamberlain* analysis that applies to default judgments and because Plaintiff's Motion did not provide enough information for the Court to determine Plaintiff's damages with reasonable certainty. *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). Among other things, the Court was concerned about the sufficiency of Plaintiff's service of its Notices of Intention to Foreclose on Defendants. While Plaintiff represented that it "sent each Defendant a Notice of Intention to Foreclose by certified mail" it remained unclear whether service of the Notices of Intention to Foreclose was adequate. Order 4, Doc. 7. The Court denied Plaintiff's first Motion, but permitted Plaintiff to file a new motion to address the Court's concerns.

In response to the Court's Order, Plaintiff filed the present Motion. This time, to address the Court's concern about the sufficiency of Plaintiff's service of the Notices of Intention to Foreclose, Plaintiff included copies of the return receipts that showed that Plaintiff sent the Notices of Intention to Foreclose to Defendants' home located at 305 W. Fourth St., East Greenville, PA 18041. Pl.'s Second Mot. Default J. Ex. A, at 16–18, Doc. 8-1. Plaintiff contends that the return receipts show that "the notices were sent" and that the notices were sent to Defendants' "last-known address." Pl.'s Second Mot. Default J. ¶ 3.

Although the return receipts support Plaintiff's representation that Plaintiff "sent" the Notices of Intention to Foreclose, the return receipts raise at least two new issues regarding the sufficiency of Plaintiff's service on Defendants of Plaintiff's Notices of Intention to Foreclose.

First, the signatures on the return receipts are illegible and further do not match Defendants' signatures. Exemplars of Defendants' signatures are contained elsewhere in Plaintiff's exhibits. *Compare* Pl.'s Second Mot. Default J. Ex. A at 25 (showing Defendants' signatures applied to Defendants' mortgage documents) *with* Pl.'s Second Mot. Default J. Ex. A, at 16–18, Doc. 8-1 (showing an illegible signature on the return receipts). Without legible signatures showing that Defendants actually received the Notices of Intention to Foreclose, the Court cannot conclude that Defendants had actual notice.

Second, there appears to be "change of address" labels attached to each of the return receipts, which suggests that by the time of delivery, Defendants had already moved from the Greenville, PA address. Upon receiving the return receipts, Plaintiff should have known that Defendants likely no longer resided at the Greenville, PA location and should have attempted delivery of the Notices of Intention to Foreclose at the new address listed on the "change of address" labels. There is no evidence in the record to suggest that Plaintiff, in fact, attempted to serve Defendants at the new address listed on the "change of address" labels.

To the extent that Plaintiff files a third motion for default judgment, Plaintiff shall ensure that its brief in support of the motion includes a discussion about the sufficiency of Plaintiff's service of any required notices to foreclose on Defendants and a discussion about whether Plaintiff has met all conditions precedent to entitle Plaintiff to a judgment against Defendants.